UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------

|  |  |  |
|---|---|---|
| AVANTE INTERNATIONAL TECHNOLOGY CORP., | : : : | CASE NO.   1:07-MC-00063 |
| Plaintiff, | : : |  |
| vs. | : : | OPINION & ORDER [Resolving Doc. No. 1, 2 ] |
| DIEBOLD ELECTION SYSTEMS; SEQUOIA VOTING SYSTEMS; ELECTION SYSTEMS & SOFTWARE, INC., | : : : : |  |
| Defendants. | : : |  |

--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Thomas Swidarski moves the Court to quash the subpoena issued to him by Plaintiff Avante International Technology Corporation ("Avante") and to grant him a protective order forbidding the discovery sought by the subpoena. [Doc. 1.] Plaintiff Avante requests the Court to deny Swidarski's motion. [Doc. 2.]

For the reasons discussed below, this Court **GRANTS** Swidarski's motion to quash the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. This Court leaves the matter of granting a protective order regarding future discovery efforts involving Swidarski to the appropriate court should such future discovery matters arise.

**I. Background**

This discovery dispute arises out of the subpoena Plaintiff Avante issued to Thomas

-1-

Case No. 1:07-MC-00063
Gwin, J.

Swidarski in connection with an action pending in the Eastern District of Missouri ("Missouri action").  In the Missouri action, Case No. 4:06-CV-00978-TCM, Avante sued Diebold Election Systems, Inc.[1] ("DESI"), Sequoia Voting Systems, and Election Systems & Software, Inc. in the United States District Court for the Eastern District of Missouri, alleging patent infringement and unfair business practices. [Doc. 2.] Plaintiff and Defendants manufacture and sell electronic voting equipment, and Avante alleges that Defendants violated certain patents associated with voting machines.  [*Id.*]

Thomas Swidarski works as the president and chief executive officer of Diebold, Inc., a company headquartered in North Canton, Ohio.  [Doc. 1.]  Swidarski lives in Ohio and has his primary office at Diebold's headquarters.  [*Id.*]  The subpoena states Swidarski's address to be Diebold Inc.'s address in North Canton, Ohio.  [Doc. 1, Exhibit A.]  Swidarski was President of Defendant DESI from 2003 to 2004 before he took the Chairmanship of Diebold, Inc.  [Doc. 1.]

On August 6, 2007, Avante's attorney issued a subpoena for the deposition of Swidarski in the Missouri action.  [Doc. 1, Exhibit A.]  The subpoena requires Swidarski to appear for a deposition on September 5, 2007 at a location in St. Louis, Missouri.  [*Id.*]  Avante served the subpoena on Swidarski on August 18, 2007.  [Doc. 1.]

Swidarski and Avante present different representations regarding their attempts to resolve this dispute without court intervention.  Swidarski states he notified Avante of his objections to the subpoena and accordingly asked Avante to withdraw it.  [Doc. 1.]  He represents that Avante never responded to his objections.  [*Id.*] Meanwhile, Avante claims Swidarski has not responded to its

---

[1] Avante shares with the Court that Diebold has recently renamed DESI as Premier Election Solutions.  [Doc. 2, Exhibit C.]  For the purposes of this opinion, the Court will continue to refer to Defendant DESI as DESI.

Case No. 1:07-MC-00063
Gwin, J.

"repeated offers to accommodate Swidarski by deposing him at *any* location and on *any* reasonable date and time." [Doc. 2.]

On August 28, 2007, Swidarski brought this motion to quash the subpoena and to obtain a protective order forbidding the discovery sought by the subpoena. [Doc. 1.] Swidarski makes four claims in support of this motion. First, he argues the subpoena violates Rule 45(a)(2)(B) by requiring him to appear for his deposition in St. Louis, Missouri, a city not within the Northern District of Ohio. [*Id*.] Second, he claims the subpoena violates Rule 45(c)(3)(A)(ii) by requiring him to travel more than 100 miles to appear for the deposition. [*Id.*] Third, he asserts the subpoena violates Rule 45(a)(3)(B) because it was not issued by an attorney admitted to practice in the Northern District of Ohio or issued for a deposition to occur in this District. [*Id.*] Fourth, Swidarski states the subpoena violates Rule 45(c)(3)(A)(iv) because it places an undue burden on him. [*Id.*] He further asks the Court to issue a protective order pursuant to Rule 26(b)(2)(C) and Rule 26(c) limiting discovery involving Swidarski at this time because the discovery sought is obtainable from "more convenient" and "less burdensome" sources. [*Id*.]

On September 4, 2007, Plaintiff Avante opposed Swidarski's motion. [Doc. 2.] First, Avante claims the location of Swidarski's deposition is a non-issue because Avante "agrees to conduct the deposition at a most convenient time and place for Swidarski." [*Id.*] Plaintiff does not otherwise deny Swidarki's first three arguments that the subpoena did not comply with Civil Rule 45. Second, Avante says Swidarski fails to prove he would be unduly burdened by attending the deposition. [Doc. 2.]

Case No. 1:07-MC-00063
Gwin, J.

## II. Legal Analysis

The Court grants Swidarski's motion to quash the subpoena pursuant to Rule 45.

Rule 45(a)(2)(B) states, "A subpoena must issue . . . for attendance at a deposition, from the court for the district where the deposition is to be taken . . . " FED. R. CIV. P. 45(a)(2)(B). Here, the United States District Court for the Northern District of Ohio issued the subpoena on August 6, 2007 at the request of Plaintiff Avante. The subpoena commands Swidarski to appear at an address in St. Louis, Missouri. The subpoena violates Rule 45(a)(2)(B) because it was issued by this Court and not the court where the deposition is to be taken in Missouri.

Rule 45(c)(3)(A)(ii) states that the court that issued a subpoena "shall quash or modify the subpoena if it . . . requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . . " FED. R. CIV. P. 45(c)(3)(A)(ii). Here, the subpoena requires Swidarski, who resides and is employed in Ohio, to appear for a deposition in St. Louis, Missouri. Plaintiff Avante presents no evidence that Swidarski is a party to the Missouri action nor that he "resides, is employed or regularly transacts business" within 100 miles of St. Louis, Missouri. Therefore, the subpoena also violates this provision of Rule 45.

Rule 45(a)(3) states that an attorney may issue a subpoena on behalf of the court in two circumstances: She may do so "on behalf of (A) a court in which the attorney is authorized to practice; or (B) a court for a district in which a deposition or production is compelled by the subpoena . . . " Fed. R. Civ. P. 45(a)(3). As to Rule 45(a)(3)(A), the subpoena indicates that Jo Anna Pollock, the attorney who issued the subpoena for the deposition, practices law in East Alton, Illinois. The notice of deposition attached to the subpoena indicates that Pollock is also authorized

Case No. 1:07-MC-00063
Gwin, J.

to practice law in the Eastern District of Missouri.  Avante presents no claim or evidence that Pollock is admitted to practice law in the Northern District of Ohio.  Thus, the Court finds Pollock was not authorized to issue the subpoena on behalf of the Northern District Court of Ohio under Rule 45(a)(3)(A).

An attorney who is not authorized to practice in this District may however issue a subpoena on behalf of this Court in connection with an action pending in her own district if the deposition is to take place within this District.  FED. R. CIV. P. 45(a)(3)(B).  Here, the subpoena clearly states the location of Swidarski's deposition to be St. Louis, Missouri, not a location within this District.  Therefore, Attorney Pollock could not issue the subpoena on behalf of this Court pursuant to Rule 45(a)(3)(B) either.  Thus, the subpoena was not properly issued under Rule 45(a)(3).

Avante does not appear to challenge the above applications of Rule 45.  Instead, Avante claims that the location of the deposition is now moot and irrelevant because "Avante agrees to conduct the deposition at a most convenient time and place for Swidarski." [Doc. 2.]  While the Court appreciates and encourages parties' efforts to accommodate, the question before this Court is whether *this* subpoena, issued by Pollock on behalf of the Northern District Court of Ohio and compelling Swidarski's attendance at a deposition in St. Louis, Missouri, violates the Federal Rules of Civil Procedure.  The Court finds the subpoena does violate Rule 45 and therefore grants Swidarski's motion to quash.  Because the subpoena is invalid under these three provisions of Rule 45, the Court need not address whether it or any other discovery requests involving Swidarski would impose an "undue burden" on him under Rule 45(c)(3)(A)(iv) or could be obtained from a "more convenient, less burdensome" source under Rule 26(b)(2)(C), thereby warranting a protective order pursuant to Rule 26(c).

Case No. 1:07-MC-00063
Gwin, J.

### III.  Conclusion

For the reasons discussed above, the Court **GRANTS** Swidarski's motion to quash the subpoena to depose him in St. Louis, Missouri on September 5, 2007.

IT IS SO ORDERED.


Dated: September 11, 2007                           s/          *James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE